NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JAYCE LEON PIRTLE,

        Defendant - Appellant.

No. 24-5797

D.C. No.
2:11-cr-00160-MKD-1

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted October 15, 2025**

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

    Jayce Leon Pirtle appeals from the district court's judgment and challenges

the 24-month sentence imposed upon revocation of his supervised release. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pirtle contends the above-Guidelines sentence is procedurally and substantively unreasonable because the court improperly relied on the seriousness of the underlying violations and his criminal history, which was already accounted for in the Guidelines calculation. We review Pirtle's procedural claims for plain error, and his claim that the sentence is substantively unreasonable for abuse of discretion. *See United States v. Taylor*, _ F.4th _, No. 24-1244, 2025 WL 2525850, at *3 (9th Cir. Sept. 3, 2025).

The record does not support Pirtle's claim that the district court "primarily" sought to punish the conduct underlying his violations. Rather, the court considered Pirtle's conduct as part of a pattern of behavior that reflected an unwillingness to comply with the conditions of his release and to take responsibility for his behavior, as well as posing a threat to the public. This record reflects that the court properly considered "the conduct underlying the revocation as one of many acts contributing to the severity of [Pirtle's] breach of trust, so as to fully understand [Pirtle's] history and risk of recidivism." *Id.* at *8 (internal quotations marks omitted). Moreover, contrary to Pirtle's assertion, the court adequately explained its reasons for the sentence. *See id.* at *6. Thus, the court did not procedurally err.

Moreover, the district court did not abuse its discretion by imposing the above-Guidelines sentence. In light of the 18 U.S.C. § 3583(e) sentencing factors

2                                                                     24-5797

and the totality of the circumstances, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**